vested or contingent interest therein.    There is no doubt that they each took a vested interest, not defeasible by the death of any of them in the life-time of such beneficiary.    *Coit* v. *Rolston*, 44 Hun, 548; *DaCosta* v. *Bass*, 48 Hun, 31; *Van Axte* v. *Fisher*, 22 N. E. Rep. 943; *Smith* v. *Edwards*, 88 N. Y. 104.    Such being the case, the personal representatives of the two legatees who predeceased the life beneficiary are entitled to their legacies, and the petitioner, as administratrix *c. t. a.* of the testatrix, is entitled to receive them for the purpose of administration and distribution, unless for some other reason she is precluded from doing so.

It is claimed that the trust respecting the fund is of such a character that it could only be executed by a trustee appointed for the purpose, and not by an administrator with the will annexed.    The provision containing the bequests in question, when considered separately or in connection with the rest of the will, evidences no intention on the part of the testatrix of reposing any such special or personal confidence or discretion in her executors as would dissociate the trust confided to them from their office as executors, or prevent them from fully administering it.    *Hood* v. *Hood*, 85 N. Y. 569–571; *Mott* v. *Ackerman*, 92 N. Y. 552, 553; *In re Clark*, 5 Redf. Sur. 466; *Bain* v. *Matteson*, 54 N. Y. 663, 664.

The claim that, pursuant to chapter 185 of the Laws of 1882, the execution of the provision in question devolved upon the death of the executors of the will upon the supreme court, is unfounded.    The chapter cited relates solely to the case where one who, being a trustee, as contradistinguished from an executor merely, dies leaving the trust unexecuted.    We have seen that the present is not a case of this character.

The question remains as to whether the petitioner is barred from maintaining the proceeding by the statute of limitations.    It is to be noticed that the proceeding is not brought against the representatives of the deceased executors of testatrix.    More than 11 years have elapsed since the issuance of letters to the executor who last qualified and the commencement of this proceeding.    If the proceeding had been begun against them, doubtless the plea of the bar of the statute would prevail.    *In re VanDyke*, 44 Hun, 397; *In re Clayton*, 5 N. Y. Supp. 266.

The attitude in which respondent's decedent stood with reference to the fund or property in question was that of having a claim therefor against the estates of those having possession of it.    The representatives of such estates having surrendered the property or fund to respondent's decedent within six years prior to the commencement of this proceeding, the attempt to interpose the statute of limitations to defeat the present proceeding is ineffective.    *In re Coman*, 47 Hun, 639.    See *Leroy* v. *Bayard*, 3 Bradf. Sur. 228; *Warren* v. *Paff*, 4 Bradf. Sur, 266, 267; *Paff* v. *Kinney*, 5 Sandf. 380; *House* v. *Agate*, 3 Redf. Sur. 311.

The exceptions to the referee's report are sustained, and the report must be referred back to the referee, to proceed with the accounting.

## *In re* JANSEN'S ESTATE.

(*Surrogate's Court, Westchester County.*   February, 1889.)

1. EXECUTORS AND ADMINISTRATORS—EXECUTION AGAINST REALTY—POWERS OF SURROGATE.

    Under Code Civil Proc. N. Y. §§ 1825, 1826, authorizing the surrogate to grant an order permitting execution to issue in an action relating to the estate of a decedent on a judgment against the executor or administrator, and providing for the collection of the judgment out of decedent's assets, the surrogate has no power to permit an execution against real estate.

2. SAME—ACTIONS CONCERNING ESTATE—DEATH BY WRONGFUL ACT.

    An action under the provisions of sections 1902, 1903, by an administrator or executor of a decedent, to recover damages for the benefit of his next of kin against the persons by whose wrongful act, neglect, or default decedent's death was caused, is not an action relating to decedent's estate.

Application by Jay E. Tibbetts and George Kellogg, made by direction of a special term of the supreme court, to obtain leave from the surrogate to issue executions on judgments rendered in their favor for costs in an action against them by Catharine Jansen, as administratrix of August H. Jansen, deceased, for negligently causing the death of her intestate. Deceased left no personal property, and the judgments were made liens on his land. Code Civil Proc. §§ 1825, 1826, which relate to actions relating to the estate of a decedent, provide that an execution shall not be issued on a judgment for a sum of money against an executor or administrator, in his representative capacity, until an order permitting it to be issued has been made by the surrogate from whose court the letters were issued; and, where it appears that the assets are not sufficient to pay all the debts, legacies, or other claims of the class to which plaintiff's claim belongs, the sum directed to be collected by the execution shall exceed the plaintiff's just proportion of the assets.

*Wm. R. Spooner* and *Russell Frost*, for motion. *N. A. Lawlor*, opposed.

COFFIN, S. It is not within the province of this court to question the power of the learned justice to make the order referred to; but, as the action did not relate to any part of the estate left by the deceased, and as section 1823, under the authority of which the order was made establishing the lien on the real estate of the deceased, occurs under article 1, tit. 3, c. 15, of the Code of Civil Procedure, which speaks only of "actions relating to the estate of a decedent," the power to make such order may fairly be regarded as questionable. The section seems to have reference to section 1852, which authorizes the court to direct that the judgment against the heir at-law or devisee be collected out of specific real property. But with that this court has no concern, except that it must determine whether the judgment has been obtained in an action relating to the estate of a decedent, and, if it has, then it may, if the decedent left assets, under the provisions of sections 1825 and 1826, and in such cases only, make the order sought.

There seems to be but three cases in which the surrogate's court has anything to do with the issuing of an execution. The *first* is where a judgment was obtained against a person in his life-time, since deceased, under section 1380. The *second* is where a judgment has been recovered against an executor or administrator for a sum of money under sections 1825 and 1826, *supra.* And the *third* is where the surrogate himself may issue an execution under section 2554. The second is the only one with which we are here concerned. The sections (1825 and 1826) are intended as substitutes, with amendments, for 2 Rev. St. p. 88, § 32, and p. 115, § 13, and relate solely to the collection of debts, legacies, and distributive shares for which judgments have been obtained out of the assets of the decedent. They confer no power upon the surrogate to permit an execution to be issued against real estate. The very sections themselves point out the manner in which the surrogate shall ascertain the amount for which the execution is to issue. If an accounting shall have been had, it is a matter of calculation, if the balance of assets is insufficient to pay all claims of an equal degree in full, to ascertain the *pro rata* share for which the execution shall go. If the assets are admittedly sufficient, then it will issue for the whole amount due. If there has been no accounting, and a question be raised as to the sufficiency of the assets, then the surrogate may, under the provisions of section 2723, require an intermediate accounting; and, if it shall appear that there are no assets, as in this case, then no execution can be issued, because there is nothing on which it can operate. But granting that the assets were here abundant, as the judgments have not been obtained in an action relating to the decedent's estate, no steps can be taken by this court looking to the collection thereof. The sections under which it is asked that the order be made have reference only to claims that belonged to the decedent in his life-time, or to claims existing against him at the time of

his death, or judgments for distributive shares, or for legacies, where he died testate. The claim which the widow of the intestate, as administratrix, sought to recover, is created by statute, (Code, § 1902,) and had no existence during his life-time. His death gave birth to the claim. It surely was no part of the estate left by him, and her action in no sense could be styled "an action relating to decedent's estate." It is true that, if any damages had been recovered in the action, and collected, they should have been accounted for in this court "as if they were assets," but would have belonged exclusively to the widow and next of kin, without regard to any debts of the deceased, or expense of administration. But this provision (section 1903) does not make them assets. It excludes the idea of their being such. It would be foreign to this case to endeavor to consider what other remedy the defendants may pursue for the recovery of their costs embraced in the judgment. It is sufficient that this court is powerless to render them any aid. Motion denied, with $10 costs.

---

## In re HADDEN'S WILL.

*(Surrogate's Court, Westchester County.   November, 1888.)*

1. **WILLS—CONSTRUCTION—GENERAL LEGACIES.**
   Where a testator owns bonds and stocks of various corporations, bequests in different sums to different legatees of "my" stocks and bonds at their par value, not describing them particularly, are general legacies; and it is the duty of the executors to make the selection of each legatee's bonds and stocks.

2. **SAME—UNCERTAINTY.**
   The fact that the stocks and bonds vary in value does not make the bequests void for uncertainty.

John Hadden, at the time of his death, owned 123 bonds and shares of stock in various corporations. Their market value ranged between $107.50 and $114 per share or bond; the par value being $100. He made the following bequest: "I give and bequeath to my said son Charles E. Hadden $4,000 in the stocks and bonds, out of any stocks or bonds that I may own at the time of my death, the same to be reckoned and counted at their par value." In substantially the same language, he gave $3,000 in stocks and bonds to his daughter Amanda C.; and also, in substantially the same language, he gave to his son Beverly W. the income of $3,000 in stocks and bonds for life. There was an application for a construction of the will.

*Arthur T. Hoffman*, for executors.   *Henry Parsons*, for residuary legatees.

COFFIN, S. It is claimed on behalf of the residuary legatees that the clauses of the will under consideration are void for uncertainty, because the stocks and bonds vary in value, and that therefore the will cannot be carried into effect in this regard without interfering with the rights of the legatees. It is difficult to see any force in this objection. The persons of the legatees are pointed out with certainty, and the amount given to each is definite, and the manner in which each is to be satisfied is clearly indicated.

The real and important question, however, is, who has the right to select the bonds or stocks for each of the legatees,—the executors, or the legatees themselves? If the legacies are strictly specific, there could be no room for doubt. For instance, if he had said, "I give to Charles E. Hadden four thousand dollars in Vandalia bonds, which I own at the time of my death, at their par value," and so had pointed out the precise stocks or bonds he gave to each of the others, the legacies would have been specific, easily satisfied by the executors, and this question would not have arisen. It is true that it has been said that specific legacies are of two kinds; the *first*, where a certain chattel is particularly described and distinguished from all others of the same species, as: "I give the diamond ring presented to me by A." This legacy can be satisfied only by the delivery of the identical ring. The *second* is